**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| AUTO OWNERS INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:05-CV-47 |
| | ) | |
| JEROME RAIFF, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JEROME RAIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:05-CV-48 |
| | ) | |
| AUTO OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on identical motions filed in both of the above-captioned causes: (1) the Motion for Partial Summary Judgment (No. 4:05-CV-47, Docket No. 21; No. 4:05-CV-48, Docket No. 14) filed by Jerome Raiff; (2) the Motion for Summary Judgment (No. 4:05-CV-47, Docket No. 39; No. 4:05-CV-48, Docket No. 33) filed by Auto-Owners Insurance Company; (3) the Motion to Strike (No. 4:05-CV-47, Docket No. 51; No. 4:05-CV-48, Docket No. 46) filed by Jerome Raiff; and (4) the Motion for Leave to File Supplemental Authority (No. 4:05-CV-47, Docket No. 62; No. 4:05-CV-48, Docket No. 53) filed by Auto-Owners Insurance Company.  The Court heard oral arguments on these matters in Lafayette, Indiana on September 18, 2006, and the issues have been fully briefed.

For the reasons set forth below, Jerome Raiff's Motion for Partial Summary Judgment is

**GRANTED** and Auto-Owners Insurance Company's Motion for Summary Judgment is **DENIED**.  Raiff's Motion to Strike and Auto-Owners' Motion for Leave to File Supplemental Authority are **DENIED** as moot.

I.      Introduction

On July 13, 2005, Plaintiff Auto-Owners Insurance Company filed a Complaint against Defendant Jerome Raiff in Civil Case No. 4:03-CV-47, seeking declaratory judgment that Defendant Jerome Raiff is not an "insured" as defined by the insurance policy held by Auto-Owners' named insured, Raisor Power Sports, LLC.  Also on July 13, 2005, Auto-Owners removed to this Court a Complaint for Specific Performance originally filed by Raiff in Tippecanoe Superior Court.  That case was assigned Civil Case No. 4:05-CV-48.

On August 8, 2005, Raiff filed a Counterclaim against Auto-Owners alleging breach of contract and bad faith.  Auto-Owners failed to timely answer the Counterclaim, and Raiff moved for Default Judgment.  Raiff subsequently filed a Motion for Partial Summary Judgment seeking dismissal of Auto-Owners' Complaint for Declaratory Judgment, a finding that Auto-Owners breached its contract, and an order directing Auto-Owners to enter into and complete arbitration with Raiff according to the terms of the contract.  Auto-Owners did not respond to Raiff's Motion for Partial Summary Judgment, but filed a Motion for Summary Judgment and a Motion for Judgment on the Pleadings approximately four months after Raiff moved for Partial Summary Judgment.  Raiff then filed a Motion to Strike certain evidence designated by Auto-Owners in support of its Motion for Summary Judgment.

II.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988).

   III.   Facts

On September 2, 2004, Plaintiff Jerome E. Raiff, Jr. was riding a motorcycle with three other riders, including Mike Alsop, owner of Raisor Power Sports, LLC. During that ride, Raiff was struck by a drunken driver, Nicole Fox, causing Raiff serious personal injuries including the loss of his left arm and left leg.

Raiff made a claim against Fox for damages arising out of his injuries. Auto-Owners, the

Underinsured Motorist Coverage carrier for Raisor Power Sports, paid Raiff one hundred thousand ($100,000.00) dollars, the full amount of Fox's liability coverage.

Raiff then made a claim against Auto-Owners for the limits of the Underinsured Motorist Coverage and the Underinsured Motorist Umbrella Coverage maintained by Raisor Power Sports, the named insured under the policy. The limits of Underinsured Motorist Coverage of these two policies are one million ($1,000,000.00) and four million ($4,000,000.00) dollars, respectively. These two coverages are hereinafter referred to collectively as the "UIM Coverage."

> The terms of the UIM Coverage include the following provision:
>
> The company will pay all sums which the insured or legal representative shall be entitled to recover as damages because of bodily injury, sickness, or disease, including death resulting therefrom, sustained by the insured and arising out of the ownership, maintenance, or use of an automobile with respect to which a bodily injury bond or insurance policy is applicable at the time of the accident, but which provides lower limits of liability than those specified in the declarations for underinsured motorist coverage; provided that with respect to this insurance, the company's liability shall be limited to (1) the amount by which the limits stated in the declarations for underinsured motorist coverage exceed the total limits of all bodily injury bonds or insurance damage, and (2) such damages are in excess of the total limits of all such bodily injury bonds or insurance policies.

Auto-Owners' Response to Raiff's Requests for Admissions No. 14. The UIM Coverage also states that all terms and conditions applicable to the insured motorist coverage are applicable to this insurance. Auto-Owners' Response to Raiff's Requests for Admissions No. 15. The uninsured motorist coverage defines an "insured" as "any person, while occupying an insured automobile." Auto-Owners' Response to Raiff's Requests for Admissions No. 16. The policy defines "insured automobile" as "a motor vehicle to which the bodily injury liability coverage of the policy applies, provided such motor vehicle is: (1) a motor vehicle which is owned by the

insured named in the declarations of the policy.  Auto-Owners' Response to Raiff's Requests for Admissions No. 17.

    IV.    <u>Discussion</u>

The Court notes at the outset that Auto-Owners, despite being represented by counsel throughout the entire proceedings, failed to respond to Raiff's Motion for Partial Summary Judgment.  Auto-Owners has not moved for an extension of time to file a response and offers no explanation in the record for its failure to respond.  Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 7.1(a), the motion is subject to summary ruling.  In light of these facts, the Court can and does **GRANT** Raiff's Motion for Partial Summary Judgment based on Auto-Owners' failure to respond.[1]  In the interest of thoroughness, however, and because Raiff is also entitled to Partial Summary Judgment on the merits, the Court will briefly address the merits of Raiff's Motion.

Raiff seeks summary judgment on two issues.  First, that the motorcycle Raiff was riding at the time of the accident was owned by Raisor Power Sports; and second, that Mr. Raiff was an "insured," as that term is defined in the UIM Coverage Form, #19412 (5-90) of Insurance Policy Number 44-058-783-00, which was issued by Auto-Owners and in effect on the date of the

---

[1]As the moving party, Raiff carried his burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that demonstrated an absence of genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  Having met this burden, Auto-Owners was required to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990).  In declining to respond, Auto-Owners failed to carry that burden.  *See also See Palmer v. Marion County*, 327 F.3d 588, 597-99 (7th Cir. 2003) (claim not delineated in summary judgment opposition brief is deemed abandoned); *Medley v. City of Milwaukee*, 969 F.2d 312, 317 (7th Cir. 1992) (arguments not presented to the district court in response to summary judgment motions are waived).

accident. Each of these issues will be addressed in turn.

      A.    Ownership

Raiff argues that Raisor Power Sports owned the motorcycle he was riding at the time of the accident. The Court agrees.

Raisor Power Sports sells, among other things, motorcycles sold by Polaris Sales, Inc. Raisor Power Sports and Polaris Sales, Inc. were signatories to a "Polaris Dealer Agreement." This contractual agreement outlined the rights and responsibilities of Raisor Power Sports in connection with its purchase and sale of Polaris products. The agreement specifies that "[a]ll title to, and risk of loss for, Products You (Raisor Power Sports) order shall pass to you upon shipment from the factory." Raiff's Brief in Opposition Attachment No. 1, Polaris Dealer Agreement (hereinafter referred to as "Dealer Agreement) at 2. It further specifies that Raisor Power Sports "may participate in any financing plan established from time to time by Polaris, or by others, if permitted under local law, and if You qualify under and meet all of the terms thereof. . . . If you fail to fulfill Your obligations under any such financing plan and Polaris is required to repurchase any product sold to You, You will reimburse Polaris for any deficiency between the repurchase cost and the resale price." Dealer Agreement at 3. It also states that, "For all purposes, You are an independent business/contractor, and not an agent, employee, partner, joint venturer, or franchisee of Polaris." Dealer Agreement at 12.

As Raiff points out, the plain language of the Dealer Agreement leaves no reasonable doubt that Raisor Power Sports owns the motorcycles it receives from Polaris Sales, Inc. in connection with this agreement. It is also undisputed that the motorcycle Raiff was riding at the time of the accident was just such a motorcycle - one acquired by Raisor Power Sports from

Polaris Sales, Inc. pursuant to the Dealer Agreement in effect between both of those parties. Therefore, Raisor Powers Sports owned the motorcycle Raiff was riding at the time of the accident.

The statements of Mike Alsop, owner of Raisor Power Sports, support this conclusion.  In a sworn statement taken by Auto-Owners as a part of its investigation, Alsop made the following statement when asked whether he owns the motorcycles he receives from Polaris Sports, Inc.: "I own them because I have a personal guarantee to them that says that I will pay the floor plan back . . . I have a legal obligation once I buy them, I own them until I sell them . . . They have no obligation to take them back." Raiff's Brief in Opposition Attachment No. 2, Alsop Statement at 11.

### B. "Insured" Under the UIM Coverage

Raiff argues that he was an "insured" under the UIM Coverage and is therefore entitled to all benefits granted to insureds under the UIM Coverage.  The Court agrees.

The UIM Coverage of the policy issued to Raisor Power Sports in October, 2003 states:

It is agreed:

> The Company will pay all sums which the insured or legal representative shall be entitled to recover as damages because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured and arising out of the ownership, maintenance or use of an automobile with respect to which bodily injury bond or insurance policy is applicable at the time of the accident but which provides lower limits of liability than those specified in the declarations for underinsured motorist coverage.

Auto-Owners' Response to Raiff's Requests for Admissions No. 14.  The UIM Coverage also states that all terms and conditions applicable to the insured motorist coverage are applicable to this insurance.  Auto-Owners' Response to Raiff's Requests for Admissions No. 15.  The

7

uninsured motorist coverage defines an "insured" as "any person, while occupying an insured automobile." Auto-Owners' Response to Raiff's Requests for Admissions No. 16. The policy defines "insured automobile" as "a motor vehicle to which the bodily injury liability coverage of the policy applies, provided such motor vehicle is: (1) a motor vehicle which is owned by the insured named in the declarations of the policy. Auto-Owners' Response to Raiff's Requests for Admissions No. 17.

The undisputed evidence demonstrates that Raiff was using a motorcycle owned by Raisor Power Sports and used by Raisor Power Sports for occasional business or non-business purposes when he was injured. Furthermore, the vehicle which struck Raiff was covered by a liability insurance policy which provided lower limits of liability coverage than those specified in the declarations of the UIM Coverage issued to Raisor Power Sports. As argued by Raiff, he is an "insured" under the UIM Coverage.

      C.    Auto-Owners' Motion for Summary Judgment

Because the Court finds that Raiff is entitled to Summary Judgment and that he is an "insured," Auto-Owners' Motion for Summary Judgment is **DENIED**. In light of that conclusion, Raiff's Motion to Strike is **DENIED** as moot. Likewise, Auto-Owners' Motion for Leave to File Supplemental Authority in support of its Motion for Summary Judgment is **DENIED** as moot.

    V.    Conclusion

Based on the foregoing, Jerome Raiff's Motion for Partial Summary Judgment (No. 4:05-CV-47, Docket No. 21; No. 4:05-CV-48, Docket No. 14) is **GRANTED**, and Auto-Owners

Insurance Company's Motion for Summary Judgment (No. 4:05-CV-47, Docket No. 39; No. 4:05-CV-48, Docket No. 33) is **DENIED**.

Additionally, Raiff's Motion to Strike (No. 4:05-CV-47, Docket No. 51; No. 4:05-CV-48, Docket No. 46) is **DENIED** as moot, and Auto-Owners' Motion for Leave to File Supplemental Authority (No. 4:05-CV-47, Docket No. 62; No. 4:05-CV-48, Docket No. 53) is **DENIED** as moot.

Accordingly, the Court:

(1) Finds that Auto-Owners Insurance Company's Complaint for Declaratory Judgment is without merit and is hereby **DISMISSED**.

(2) Finds that Auto-Owners Insurance Company breached its contract with Raisor Power Sports by refusing to enter into arbitration according to the terms of the contract.

(3) **ORDERS** Auto-Owners Insurance Company to enter into and complete Arbitration with Jerome Raiff according to the terms of that contract.

**SO ORDERED**.

**DATE: September 26, 2006**

                                               **S/ ALLEN SHARP**
                                               **ALLEN SHARP, JUDGE**
                                               **UNITED STATES DISTRICT COURT**