UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| AUTO OWNERS INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:05-CV-47 |
| | ) | |
| JEROME RAIFF, | ) | |
| | ) | |
| Defendant. | ) | |
| JEROME RAIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:05-CV-48 |
| | ) | |
| AUTO OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED MEMORANDUM, ORDER & OPINION**

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Auto-Owners Insurance Company in both of the above-captioned causes (No. 4:05-CV-47, Docket No. 42; No. 4:05-CV-48, Docket No. 36).  For the reasons set forth below, those motions are **DENIED**.

I.      Introduction

On July 13, 2005, Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed a Complaint against Defendant Jerome Raiff in Civil Case No. 4:03-CV-47, seeking declaratory judgment that Defendant Jerome Raiff is not an "insured" as defined by the insurance policy held by Auto-Owners' named insured, Raisor Power Sports, LLC.  Also on July 13, 2005, Auto-Owners removed to this Court an action for Specific Performance originally filed by Raiff in

Tippecanoe Superior Court.  That case was assigned Civil Case No. 4:05-CV-48.

On August 8, 2005, Raiff filed a Counterclaim against Auto-Owners alleging breach of contract and bad faith.  Auto-Owners failed to timely Answer the Counterclaim, and Raiff moved for Default Judgment.  Raiff subsequently filed a Motion for Partial Summary Judgment Auto-Owners did not respond to Raiff's Motion for Partial Summary Judgment, but filed a Motion for Summary Judgment and a Motion for Judgment on the Pleadings approximately four months after Raiff moved for Partial Summary Judgment.

II.     Standard of Review

A Rule 12(c) motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b): the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party."  *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).  Additionally, the Court accepts all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999).

IV.     Discussion

Raiff filed a Counterclaim against Auto-Owners alleging that, in dealing with Raiff, Auto-Owners failed to comply with its duty of good faith and fair dealing.  The Indiana Supreme Court discussed the tortious breach of an insurer's duty to deal with its insured in good faith in *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind. 1993).  The court stated:

> The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in

2

>making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.

*Id*. at 519.  A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will."  *Colley v. Indiana Farmers Mut. Ins. Group*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998).

In this case, Raiff makes the following allegations: (1) that Auto-Owners, through its counsel, indicated to Raiff's counsel that it had appointed an arbitrator when, in fact, no arbitrator had been appointed (Counterclaim Complaint, ¶ 12); (2) as of the date of filing Raiff's Complaint for Specific Performance, Auto-Owners had not provided any oral or written statement concerning its coverage position, and it had not denied or accepted Raiff's claim (Counterclaim Complaint, ¶ 14); (3) Auto-Owners failed and refused to honor Raiff's claim or submit to arbitration even though there is no reasonable construction of the policy, no reasonable factual argument, and no reasonable interpretation of Indiana law that would permit Auto-Owners to avoid Raiff's claim.  Counterclaim Complaint, ¶ 12.

In analyzing Auto-Owners' Motion, this Court must accept as true the facts contained in Raiff's allegations.  *See Jackson*, 176 F.3d at 977.  Furthermore, a plaintiff need not plead facts to satisfy federal notice pleading standards.  *See Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1991).  As the Court of Appeals for the Seventh Circuit has stated, a "complaint need not spell out every element of a legal theory" to provide adequate notice.  *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (quoting *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998)).  Moreover, "a plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal notice of the claim."  *Scott*, 195 F.3d at 952

3

(citing *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995)).  Raiff's allegations are sufficient to give Auto-Owners notice of his claim, and the Court cannot say that it is "beyond doubt" that Raiff can prove no set of facts consistent with his Complaint that would entitle him to relief.  *See Scott*, 195 F.3d at 951.  Auto-Owners states that "[t]here is nothing in Raiff's pleadings that could lead this Court to the conclusion by clear and convincing evidence that" Auto-Owners' actions reflected a "dishonest purpose, moral obliquity, furtive design, or ill will." Perhaps, but there doesn't need to be anything demonstrated by clear and convincing evidence at this stage of the proceedings.  A "motion to dismiss tests the legal sufficiency of a pleading," not its factual or evidentiary sufficiency.  *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).  Raiff's allegations, if proven, would entitle him to relief for breach of the duty of good faith and fair dealing.  Therefore, dismissal at this stage would be inappropriate.

  V. Conclusion

  Based on the foregoing, Auto-Owners' Motions for Judgment on the Pleadings (No. 4:05-CV-47, Docket No. 42; No. 4:05-CV-48, Docket No. 36) are **DENIED**.

  **SO ORDERED**.

**DATE: September 27, 2006**

                 S/ ALLEN SHARP
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**